**Anand Prakash AGARWAL, Petitioner,**

v.

**DISTRICT DIRECTOR OF the U. S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 68–1957.

United States District Court
C. D. California.

Feb. 3, 1969.

Hiram W. Kwan, Los Angeles, Cal., for petitioner.

Wm. Matthew Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Division, Carolyn M. Reynolds, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

### DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

HAUK, District Judge.

Petitioner seeks judicial review of a decision rendered by the Regional Commissioner of Immigration and Naturalization Service for the Southwest Region denying his application for a preference "professional" classification under Section 203(a) (3) of the Immigration and Nationality Act, as amended. 8 U.S.C. § 1153(a) (3).[1]

Respondent filed a Motion for Summary Judgment and a Memorandum of Points and Authorities in support thereof, pursuant to Rule 56(b) and (c) of the Federal Rules of Civil Procedure[2],

---

1. "§ 1153. Allocation of immigrant visas —Categories of preference priorities; per centum limitations; conditional entries; waiting lists

(a) Aliens who are subject to the numerical limitations specified in section 1151(a) of this title shall be allotted visas or their conditional entry authorized, as the case may be, as follows:

\* \* \* \* \*

(3) Visas shall next be made available, in a number not to exceed 10 per centum of the number specified in section 1151(a) (ii) of this title, to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States.

2. "Rule 56. Summary Judgment

\* \* \* \* \*

(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

contending that there are no genuine issues as to any material fact and that respondent is entitled to judgment as a matter of law.

Petitioner filed a Memorandum in Opposition to Respondent's Motion for Summary Judgment contending that respondent failed to consider whether petitioner's combined education and experience is the equivalent of a Bachelor's Degree in Mechanical Engineering, and thus abused his discretion.

Although the relevant facts as stated by respondent in his Memorandum in Support of Respondent's Motion for Summary Judgment are not contested by petitioner, a summary of the facts will be of assistance in understanding why this Court is disposed to and does grant summary judgment sustaining the ruling of the District Director, as affirmed by the Regional Commissioner, that petitioner is not eligible for a preference classification as a "member of the professions" under Section 203(a) (3) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1153(a) (3).

Petitioner, a 39-year old married nonimmigrant industrial trainee from India, has filed a Petition for Judicial Review herein contending that the Respondent erroneously denied his Petition for Classification under § 203(a) (3) of the Immigration and Nationality Act, as amended. Petitioner claims that because of his training and education he qualifies as a member of the professions as a "water-well specialist or science instructor" and, therefore, that he is entitled to the issuance of a visa under § 203(a) (3) of the Act.

The facts are not in dispute. The sole question is whether the respondent abused his discretion in finding that the petitioner did not qualify as a member of the professions and that, therefore, he was not eligible for a third preference classification.

The certified record of the Department of Justice, Immigration and Naturalization Service, contains all of the information submitted by petitioner as to his educational achievements and work experience. It shows that petitioner graduated from high school in India in 1945; that he obtained a Degree of Bachelor of Science from Agra University, India, in 1958; that he completed an eight-week session in "Application Course in Work Study" in India in 1960; and that he has been accepted for admission to graduate status in the class in Systems Engineering at West Coast University, Los Angeles, California.

Since May 1966, petitioner has been employed by a Los Angeles firm, Roscoe Moss Company, as an industrial trainee. The documents relating to petitioner's education were sent by the Immigration and Naturalization Service to the Office of Education, Department of Health, Education and Welfare for interpretation in terms of education in the United States. According to that Department, petitioner has the equivalent of "high school graduation plus 2 years of college, with emphasis on science."

Respondent found that petitioner "failed to establish that he has the high education or equivalent experience to be accorded recognition as a member of the professions or that he has ever been employed or will be employed in a professional occupation."

Petitioner appealed the respondent's denial to the Regional Commissioner upon the ground that he is a qualified mechanical engineer and, therefore, entitled to a third preference classification.

To support his contentions on appeal, petitioner submitted additional evidence showing that he attended University of California Extension courses and West Coast University, School of Engineering, both in Los Angeles. He also submitted information relating to the final examinations given by Agra University, his ownership of an engineering firm in India, and his 18 years of experience.

On September 19, 1968, the Regional Commissioner rendered his decision stating:

"the 'professions' claimed by petitioner, that of a water-well specialist or

science instructor, are not included among those set forth in section 101 (a) (32) [3] nor are either of these defined in the DICTIONARY OF OCCUPATIONAL TITLES as professions. No evidence has been submitted to substantiate the claim that such occupations are professions within the meaning of the statute. The Petitioner's academic achievements and his employment experience do not bear on the question as to whether or not a water well specialist or science instructor is a profession. * * * "

Accordingly, the decision of the District Director was affirmed and the appeal was dismissed. Petitioner then brought this action seeking to review the denial of his Petition for Third Preference Classification.

This Court has examined the entire record which includes, among other things, the pleadings, the certified Transcript of Record, the memoranda submitted by the parties, and the oral argument at the time of the hearing on respondent's Motion for Summary Judgment. The Court has reviewed all of this material and concludes that respondent is entitled to have his Motion for Summary Judgment granted.

Now having heard the arguments and having examined all the filed documents and records herein, and being fully advised in the premises, the Court renders its decision.

3.    SUBCHAPTER I.—GENERAL PROVISIONS
" § 1101. Definitions
   (a) As used in this chapter—
      *    *    *    *    *
   (32) The term "profession" shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries."
      *    *    *    *    *

4. "§ 1153. Allocation of immigrant visas —Categories of preference priorities; per centum limitations; conditional entries; waiting lists

*The District Director Did Not Abuse His Discretion in Denying Petitioner's Application for a Third Preference Classification.*

The certified Transcript of Record of petitioner's application for a third preference classification under Section 203 (a) (3) of the Immigration and Nationality Act, as amended [4] contains all the evidence submitted by petitioner as to the quality and extent of his formal education and the length and diversity of his practical experience, including his employment.

Since this information covering both his formal education and his practical working experience was part and parcel of the petition before the District Director and the appeal to the Regional Commissioner, it must be assumed that it was examined and considered by them in the overall evaluation of petitioner's skills and formal training in the sciences. It also must have been considered by them in reaching the decision that petitioner was not a member of the professions and, by inference, that he did not possess the required exceptional ability in the sciences or arts which would substantially benefit the national economy, cultural interests, or welfare of the United States.

His employer, Roscoe Moss Company, at the time the petition was filed, stated that petitioner had served as an industrial trainee since May 1966. This letter was dated April 1, 1968, a period of almost two years after petitioner started his training and during which he re-

(a) Aliens who are subject to the numerical limitations specified in section 1151(a) of this title shall be allotted visas or their conditional entry authorized, as the case may be, as follows:
   *    *    *    *    *

(3) Visas shall next be made available, in a number not to exceed 10 per centum of the number specified in section 1151(a) (ii) of this title, to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States."

mained a trainee. Any future enlargement of his assigned duties with the Roscoe Moss Company was stated to depend upon "his training, future education, and our needs."

Although his employer noted that he possessed admirable work habits, no statement was made to the effect that the Roscoe Moss Company considered petitioner qualified as a mechanical engineer in the specialized field of water-well engineering or that his employer accorded petitioner recognition of such high professional standing by virtue of his combined education and knowledge acquired through his years of experience in the field. To the contrary, the Roscoe Moss Company indicated that petitioner, after two years, was still employed and would continue to be employed in the capacity of a "trainee".

When these facts are coupled with the determination made by the Office of Education, Department of Health, Education and Welfare that petitioner's education in India was the equivalent of high school graduation plus two years of college in the United States, it is clear that petitioner has failed to establish his eligibility for the "professional" classification sought.

█ In reviewing this denial of preference classification, the Court is limited to the determination of whether the District Director abused his discretion. Dong Yup Lee v. U. S. Immigration & Nat. Serv., 407 F.2d 1110 (9th Cir., Mar. 4, 1969). In the language of *Dong Yup Lee*, at 1113:

"While we may agree that there is some evidence to support petitioner's position, we cannot conclude as a matter of law, on the basis of the record before us, that the denial of a preference classification was an abuse of discretion."

█ Therefore, and since petitioner has the burden of proving his eligibility,[5] a burden which has not been met, it follows that the District Director did

not abuse his discretion when he denied the instant petition for a Third Preference Classification, and that the affirmance of this decision by the Regional Commissioner was correct.

In accordance with the foregoing, which shall also constitute the findings of fact and conclusions of law, the Court now makes its formal Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Petitioner, a native and citizen of India, instituted this action for review of the District Director's decision denying his petition for classification under Section 203(a) (3) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1153(a) (3).

2. Petitioner claims that the District Director erred in finding that he did not qualify as a member of the professions as either a water-well specialist or science instructor.

3. The evidence shows that the petitioner graduated from high school in India in 1945; that he obtained a Bachelor of Science degree from Agra University, India, in 1958; that he completed an eight-week "Application Course in Work Study" in India in 1960; that he has been accepted for admission to graduate status at West Coast University, Los Angeles, California, an unaccredited school; that the Office of Education, Department of Health, Education and Welfare evaluated petitioner's education in light of United States standards and found that he had the equivalent of high school graduation plus two years of college, with emphasis on science; that petitioner owned an engineering firm in India and that he is currently employed by a Los Angeles, California, company as an industrial trainee.

4. The District Director did consider all of petitioner's combined education and experience and properly determined that petitioner's educational attainment and experience did not entitle him to a Third

5. Matter of Cheung, Int.Dec. #1859 (May 6, 1968)

Preference Classification as a "member of the professions".

5. The following Conclusions of Law, insofar as they may be considered Findings of Fact, are also found by the Court to be true in all respects. From the foregoing facts, the Court concludes that:

## CONCLUSIONS OF LAW

### I

This Court has jurisdiction of this action.

### II

This Court has jurisdiction of the parties to this action.

### III

The District Director did not abuse his discretion in finding that the petitioner failed to establish that he qualifies as a member of the professions within the meaning and intent of the Immigration and Nationality Act, as amended.

### IV

There is no genuine issue as to any material fact and respondent is entitled to judgment as a matter of law.

### V

Judgment should be entered in favor of respondent and against petitioner, affirming the decision of the District Director that petitioner is not eligible for a preference classification as a member of the professions under Section 203(a)(3) of the Act.

### VI

Any Conclusions of Law contained in the Findings of Fact are deemed incorporated herein by reference.

Let judgment be entered accordingly.